## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | | |
|---|---|---|
| LEGEE ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| CITY OF SHREVEPORT, a Municipal | ) | |
| Corporation, OFFICER NEVILLE, | ) | |
| OFFICER COLEMAN, and UNKNOWN POLICE | ) | **PLAINTIFF DEMANDS A** |
| OFFICERS JOHN and JANE DOES 1-100, | ) | **TRIAL BY JURY** |
| | ) | |
| Defendants. | | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, LEGEE ADAMS, by and through his attorneys, ELTON B. RICHEY & ASSOCIATES and ROMANUCCI & BLANDIN, LLC, and for Plaintiff's Complaint at Law against Defendants, CITY OF SHREVEPORT, OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100 ("DOES 1-100"), pleading hypothetically and in the alternative, states as follows:

## THE PARTIES

1.      Defendant, CITY OF SHREVEPORT, is a municipal corporation organized under the laws of the State of Louisiana.

2.       On and before November 6, 2014, and at all relevant times, the Defendant, CITY OF SHREVEPORT, a municipal corporation, maintained, as a division of said municipal corporation, a certain police department, commonly referred to as the Shreveport Police Department.

3.      On and before November 6, 2014, and at all relevant times, OFFICER NEVILLE, OFFICER COLEMAN, and DOES 1-100 (together as "DEFENDANT OFFICERS") were

1

Shreveport Police Officers employed by the Defendant CITY OF SHREVEPORT Police Department.

4.      On and before November 6, 2014, and at all relevant times, when DEFENDANT OFFICERS were engaging in the complained of conduct, they were acting under color of law and in the course of their employment as Shreveport Police Officers.

5.      At all times relevant, LEGEE ADAMS was a citizen of the United States and a resident of Shreveport, Caddo Parish, Louisiana.

## JURISDICTION AND VENUE

6.      This is an action brought pursuant to pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Louisiana against Defendants, CITY OF SHREVEPORT, OFFICER NEVILLE, OFFICER COLEMAN, and DOES 1-100 after Plaintiff, LEGEE ADAMS, was unreasonably detained, assaulted, battered, and arrested on November 6, 2014, in the City of Shreveport, Parish of Caddo, State of Louisiana.

7.      This Court has original jurisdiction over Plaintiff's § 1983 claims pursuant to 28 U.S.C. §§ 1343(a)(3) and  1331.

8.      This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367 because said claims are so related to Plaintiff's § 1983 claims, which are within this Court's original jurisdiction, because they arise out of the same case or controversy under Article III of the United States Constitution.

9.      Venue is proper herein under 28 U.S.C. § 1391(b) because the defendants reside, or, at the time the events took place, formerly resided in this judicial district, and the events giving rise to the claims asserted herein occurred here as well.

10.     All conditions precedent to the filing of this action have either been performed or waived.

## **FACTUAL ALLEGATIONS**

11.     On or about November 6, 2014, LEGEE ADAMS was a 22-year-old African-American male diagnosed with a severe speech impediment and severe learning disability. Due to LEGEE ADAM's learning disability he has the speech and mental abilities of the equivalent of a second grade child.

12.     On or about November 6, 2014, at approximately 8:30 p.m., LEGEE ADAMS, and another male walked westbound aside Boone Street near or at the 3100 block.

13.     At that time, OFFICERS NEVILLE and COLEMAN spotted LEGEE ADAMS walking with the other male and, without reasonable suspicion or provocation, activated the lights and sirens on their patrol vehicle and accelerated towards LEGEE ADAMS and the other male.

14.     Upon reaching LEGEE ADAMS, OFFICER NEVILLE stopped the patrol vehicle in close proximity to LEGEE ADAMS, and OFFICER COLEMAN jumped out of the patrol vehicle in the direction of LEGEE ADAMS.

15.     Upon jumping out of the patrol vehicle, OFFICER COLEMAN reached for and unholstered his service weapon.

16.     At this time, LEGEE ADAMS ran in a direction opposite the Defendants, OFFICERS NEVILLE and COLEMAN, out of fear.

17.     OFFICERS NEVILLE and COLEMAN then proceeded to chase LEGEE ADAMS without reasonable suspicion.

18.     Near or on Prentiss Avenue, OFFICER COLEMAN then apprehended LEGEE ADAMS by forcefully and violently grabbing LEGEE ADAM's shoulder and then throwing LEGEE ADAMS to the ground.

19.     At this time, LEGEE ADAMS made clear statements that his shoulder was in pain and was not resisting arrest or attempting to resist arrest or flee.

20.     OFFICER COLEMAN heard and acknowledged LEGEE ADAM's statements regarding his pain and the condition of his shoulder.

21.     Additional Shreveport Police Department officers, DOES 1-100, along with OFFICER NEVILLE, arrived on the scene and assisted OFFICER COLEMAN.

22.     Despite hearing and acknowledging LEGEE ADAM's statements, and aware that LEGEE ADAMS was not resisting arrest or attempting to flee, OFFICER COLEMAN violently grabbed LEGEE ADAM's arm, which was then positioned below LEGEE ADAM's body in an injured and protective position, and forcefully pulled it behind LEGEE ADAM's back.

23.     Despite LEGEE ADAM's continued statements regarding the condition of his arm, OFFICER COLEMAN forced the hand of LEGEE ADAMS's injured arm into handcuffs.

24.     As a result of the occurrence on November 6, 2014 with DEFENDANT OFFICERS, LEGEE ADAMS required medical care, and was subsequently taken to the emergency room at approximately 1:00 a.m. on November 7, 2014, a few hours after this incident occurred.

25.     DEFENDANT OFFICERS also falsely charged LEGEE ADAMS with resisting arrest by a police officer.

26.     LEGEE ADAMS spent approximately seven to ten (7-10) days in jail until he was released.

4

27.     While LEGEE ADAMS was held in jail he was kept in protective custody due to the serious nature of his injuries.

## COUNT I – VIOLATION OF 42 U.S.C. §1983 – FALSE ARREST
### *LeGee Adams v. Officer Neville, Officer Coleman, and Unknown Police Officers John and Jane Doe 1-100*

28.     Plaintiff Repeats and incorporates the allegations of paragraphs one through twenty-seven (1-27) as though fully pled and stated herein.

29.     This is an action for damages against OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100 for the deprivation of LEGEE ADAMS's Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

30.     At all times relevant hereto, OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100 were acting under the color of state law and pursuant to the policy, custom and/or usage of the City of Shreveport Police Department.

31.     OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, through the actions described above, deprived LEGEE ADAMS of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, including the right to be free from unreasonable and unlawful seizures of his person.

32.     As a direct and proximate foreseeable result of the violations of Plaintiff's constitutional rights, including the rights guaranteed to Plaintiff by the Fourth and Fourteenth Amendments, and the misconduct of OFFICER NEVILLE, OFFICER     COLEMAN,     and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, as set forth above, LEGEE

ADAMS suffered injuries, including being falsely arrested, physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of a normal life.

33.     As a result of LEGEE ADAMS's injuries, Plaintiff is entitled to recover all damages allowable for violation of 42 USC § 1983 including compensatory damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 USC § 1988.

34.     Plaintiff is also seeking punitive damages against OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100 because the conduct set forth above constitutes deliberate indifference, willful conduct, and intentional conduct towards the public in general and specifically LEGEE ADAMS, and this conduct caused substantial physical and emotional injuries.

WHEREFORE, Plaintiff LEGEE ADAMS demands judgment for damages against the Defendants, OFFICER NEVILLE,   OFFICER   COLEMAN,   and   UNKNOWN   POLICE OFFICERS JOHN and JANE DOES 1-100, whose constitutional violations, civil rights violations, misconduct, and acts and omissions as set forth herein caused Plaintiff's injuries, and for all damages allowed by law including compensatory damages, punitive damages, costs and attorney's fees, and Plaintiff further demands trial by jury on all issues so triable.

### COUNT II – VIOLATION OF 42 U.S.C. §1983—Excessive Force
*LeGee Adams v. Officer Neville, Officer Coleman, and Unknown Police Officers John and Jane Doe 1-100*

35.     Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-seven (1-27) as though fully pled and stated herein.

36.     At all times relevant hereto, OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, were acting within the scope

of their employment, under the color of state law and pursuant to the policy, custom and/or usage of the City of Shreveport Police Department.

37.    The aforementioned conduct of OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100 constituted excessive force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, including Plaintiff's right to be free from the use of unreasonable seizures of Plaintiff's person.

38.    The aforementioned conduct of OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100 was objectively unreasonable.

39.    The aforementioned acts of OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100 were undertaken intentionally, willfully, with malice, and with reckless indifference to LEGEE ADAMS's constitutional rights.

40.    As a result of OFFICER NEVILLE, OFFICER COLEMAN, and/or UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100's unjustified and excessive use of force, OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, through the actions described above, deprived LEGEE ADAMS of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, including the right to be free from unreasonable seizures and excessive force against his person.

41.    As a result of OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100's unjustified and excessive use of force,

LEGEE ADAMS suffered injuries, including physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of a normal life.

42.     As a result of OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100's unjustified and excessive use of force, Plaintiff is entitled to recover all damages allowable for violation of 42 USC § 1983 including compensatory damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 USC § 1988.

43.     Plaintiff is also seeking punitive damages against OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100 because the conduct set forth above constitutes deliberate indifference, willful conduct, and intentional conduct towards the public in general and specifically LEGEE ADAMS, and this conduct caused substantial physical and emotional injuries.

WHEREFORE, Plaintiff LEGEE ADAMS demands judgment for damages against the Defendants, OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, whose constitutional violations, civil rights violations, misconduct, and acts and omissions as set forth herein caused Plaintiff's injuries, and for all damages allowed by law including compensatory damages, punitive damages, costs and attorney's fees, and Plaintiff further demands trial by jury on all issues so triable.

**COUNT III – VIOLATION OF 42 U.S.C. §1983—Failure to Intervene**
*LeGee Adams v. Officer Neville, Officer Coleman, and Unknown Police Officers John and Jane Doe 1-100*

44.     Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-seven (1-27) as though fully pled and stated herein.

45.     At all times material hereto, OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100 were acting within the scope of their employment, under the color of state law and pursuant to the policy, custom and/or usage of the City of Shreveport Police Department.

46.     The aforementioned conduct of DEFENDANT OFFICERS constituted excessive force in violation of the United States Constitution.

47.     The aforementioned conduct of DEFENDANT OFFICERS was objectively unreasonable.

48.     The aforementioned acts of DEFENDANT OFFICERS were undertaken intentionally, willfully, with malice, and with reckless indifference to LEGEE ADAMS's constitutional rights.

49.     Throughout the November 6, 2014 encounter with LEGEE ADAMS, OFFICER NEVILLE, OFFICER COLEMAN, and/or UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100 had knowledge that the aforementioned conduct of DEFENDANT OFFICERS constituted unreasonably excessive force under the United States Constitution.

50.     Throughout the November 6, 2014 encounter with LEGEE ADAMS, OFFICER NEVILLE, OFFICER COLEMAN, and/or UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100 had knowledge that LEGEE ADAMS's constitutional rights were being violated.

51.     Throughout the November 6, 2014 encounter with LEGEE ADAMS, OFFICER NEVILLE, OFFICER COLEMAN, and/or UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100 had a realistic opportunity to intervene and prevent deprivation of LEGEE ADAMS's constitutional rights.

52.     As a result of OFFICER NEVILLE, OFFICER COLEMAN, and/or UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100's failure to intervene, LEGEE ADAMS suffered injuries, including physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of a normal life.

53.     OFFICER NEVILLE, OFFICER COLEMAN, and/or UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, through the actions described above, deprived LEGEE ADAMS of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments of the Constitution of the United States, by failing to intervene when OFFICER NEVILLE, OFFICER COLEMAN, and/or UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100  knew that DEFENDANT OFFICERS were conducting an unreasonable seizure and using excessive force against Plaintiff's person.

54.     As a direct and proximate foreseeable result of the violations of Plaintiff's constitutional rights, including the rights guaranteed to Plaintiff by the Fourth and Fourteenth Amendments, and the misconduct of OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, as set forth above, Plaintiff LEGEE ADAMS suffered injuries, including physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of a normal life.

55.     As a result of DEFENDANT OFFICERS' unjustified and excessive use of force and OFFICER NEVILLE, OFFICER COLEMAN, and/or UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100's failure to intervene, LEGEE ADAMS suffered injuries and is entitled to recover all damages allowable for violation of 42 USC § 1983 including compensatory damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 USC § 1988.

56.     Plaintiff is also seeking punitive damages against OFFICER NEVILLE, OFFICER COLEMAN, and/or UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100 because the conduct set forth above constitutes deliberate indifference, willful conduct, and intentional conduct towards the public in general and specifically LEGEE ADAMS, and this conduct caused substantial physical and emotional injuries.

WHEREFORE, Plaintiff LEGEE ADAMS demands judgment for damages against the Defendant, OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, whose constitutional violations, civil rights violations, misconduct, and acts and omissions as set forth herein caused Plaintiff's injuries, and for all damages allowed by law including compensatory damages, punitive damages, costs and attorney's fees, and Plaintiff further demands trial by jury on all issues so triable.

### COUNT IV – VIOLATION OF 42 U.S.C. §1983—Policy & Custom
*LeGee Adams v. City of Shreveport*

57.     Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-seven (1-27) as though fully pled and stated herein.

58.     At all relevant times, the employees, agents, and/or officers of Defendant CITY OF SHREVEPORT's Police Department, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, were acting under the color of state law.

59.     At all relevant times, the employees, agents, and/or officers of Defendant CITY OF SHREVEPORT's Police Department, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, were acting

pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY OF SHREVEPORT Police Department.

60.     Upon information and belief, Defendant CITY OF SHREVEPORT Police Department, including its agents, employees, and/or officers, together with other City of SHREVEPORT policymakers and supervisors maintained, *inter alia*, the following unconstitutional customs, practices, and/or policies:

      a.   Using excessive force;

      b.   Providing inadequate training regarding how to detain suspects and the proper amount of force appropriate;

      c.   Providing inadequate training regarding how to intervene to stop other officers from using excessive force in detaining suspects;

      d.   Providing inadequate training regarding how to detain mentally ill persons (MIPs) and the proper amount of force appropriate in detaining MIPs;

      e.   Employing and retaining as police officers individuals, such as Defendants , including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, who the Defendant CITY OF SHREVEPORT knew or reasonably should have known had dangerous propensities for abusing authority and for using excessive force on suspects and other citizens;

      f.   Inadequately supervising, training, controlling, assigning, and disciplining CITY OF SHREVEPORT police officers and other personnel, including Defendants , including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, who Defendant CITY OF SHREVEPORT knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits; and/or

      g.   Maintaining a policy of inaction and an attitude of indifference towards increasing numbers of excessive use of police force, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in excessive use of police force.

61.     CITY OF SHREVEPORT Police Department had actual and/or constructive knowledge of the deficient policies, practices and customs alleged above.  Despite having knowledge of the above, the Defendant condoned, tolerated and through its own actions or inactions thereby ratified such policies. Such Defendant also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff LEGEE ADAMS.

62.     As a direct and proximate result of the Constitutional violations caused by the employees, agents and/or officers of the Defendant CITY OF SHREVEPORT Police Department, and other policymakers, Plaintiff LEGEE ADAMS suffered violations of his Constitutional rights guaranteed to him by the Fourth, Fifth, Fourteenth, and Eighth Amendments, as well as other provisions, of the United States Constitution, and suffered severe physical and emotional injuries.

63.     Moreover, as a result of Defendant Officers including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, and the Defendant CITY OF SHREVEPORT Police Department, Plaintiff LEGEE ADAMS suffered injuries and is entitled to recover all damages allowable for constitutional violations such as 42 USC § 1983, including compensatory damages, special damages, economic damages, all costs incurred in prosecuting this action, and attorney's fees pursuant to 42 USC § 1988.

WHEREFORE, Plaintiff LEGEE ADAMS, respectfully requests that this Court enter judgment against DEFENDANTS awarding compensatory damages, attorneys' fees, economic losses, special damages, punitive damages, including costs and fees pursuant to 42 USC § 1988, and for any further relief this Court deems just, individually, jointly, and severally.

### COUNT V – LOUISIANA STATE LAW CLAIM—Excessive Force
*LeGee Adams v. Officer Neville, Officer Coleman, and Unknown Police Officers John and Jane Doe 1-100*

64.     Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-seven (1-27) as though fully pled and stated herein.

65.     This is an action for damages against DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, for the assault, battery and excessive force used against Plaintiff LEGEE ADAMS.

66.     At all times material hereto, DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, were acting under the color of state law and within the scope of their employment with the City of Shreveport Police Department.

67.     At all relevant times, DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, owed Plaintiff LEGEE ADAMS a duty to exercise reasonable care for the Plaintiff's safety and to avoid unnecessarily harming him.

68.     DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, breached that duty by battering LEGEE ADAMS, as outlined more fully above, despite their knowledge that Plaintiff was not engaged or about to be engaged in criminal activity.

69.     DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, breached

that duty by battering Plaintiff LEGEE ADAMS, as outlined more fully above, even after Plaintiff was firmly restrained.

70. DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, breached that duty by battering Plaintiff LEGEE ADAMS, as outlined more fully above, even after Plaintiff was handcuffed.

71. As a direct and proximate result of the negligent and intentional misconduct of DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, described above, including the use of excessive force, Plaintiff LEGEE ADAMS suffered substantial injuries.

72. DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100's misconduct was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

73. As a direct and proximate foreseeable result of the Defendant Officers' use of excessive force, as set forth above, Plaintiff LEGEE ADAMS suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering, emotional distress, disability, economic loss, loss or hindrance of personal goals, and the loss of quality of life.

WHEREFORE, Plaintiff, LEGEE ADAMS, respectfully requests that this Court enter judgment against DEFENDANTS awarding compensatory damages, attorneys' fees, economic damages, special damages, punitive damages, and for any further relief this Court deems just, individually, jointly, and severally.

**COUNT VI – LOUISIANA STATE LAW CLAIM—Excessive Force**
*LeGee Adams v. City of Shreveport*

74.    Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-seven (1-27) as though fully pled and stated herein.

75.  This is an action for damages against Defendant CITY OF SHREVEPORT for the excessive force, assaults, and batteries committed by DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, against Plaintiff LEGEE ADAMS.

76.  At all times relevant hereto, the employees of Defendant CITY OF SHREVEPORT, including the DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, were acting under the color of state law and within the scope of their employment with the City of SHREVEPORT Police Department.

77.  At all times relevant, it was the duty of DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, individually and as officers, agents and/or employees of the CITY OF SHREVEPORT Police Department, to refrain from using unreasonable excessive force against others, including LEGEE ADAMS.

78.  Defendant Officers, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, breached that duty by battering Plaintiff LEGEE ADAMS, as outlined more fully above, despite their knowledge that Plaintiff was not engaged in or about to be engaged in criminal activity.

79. DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, breached that duty by battering Plaintiff LEGEE ADAMS, as outlined more fully above, even after Plaintiff was firmly restrained, held down by DEFENDANT OFFICER, and handcuffed.

80. The CITY OF SHREVEPORT is vicariously liable for the negligent and intentional misconduct of DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, its employees, agents, and police officers.

81. As a direct and proximate foreseeable result of the Defendant Officers' use of excessive force, as set forth above, Plaintiff LEGEE ADAMS suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of a normal life.

WHEREFORE, Plaintiff, LEGEE ADAMS, respectfully requests that this Court enter judgment against DEFENDANTS awarding compensatory damages, attorneys' fees, economic losses, special damages, punitive damages, including costs and fees as appropriate, and for any further relief this Court deems just, individually, jointly, and severally.

### COUNT VII – LOUISIANA STATE LAW CLAIM—
### Negligent Hiring, Training and/or Supervision
### *LeGee Adams v. The City of Shreveport*

82. Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-seven (1-27) as though fully pled and stated herein.

83. This is an action for damages against Defendant CITY OF SHREVEPORT for the excessive force and batteries committed by DEFENDANT OFFICERS, including OFFICER

NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE

DOES 1-100, against Plaintiff LEGEE ADAMS.

84.  At all times relevant hereto, the employees of Defendant CITY OF SHREVEPORT,

including the DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER

COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, were acting

under the color of state law and within the scope of their employment with the City of

SHREVEPORT Police Department.

85.  At all times relevant, it was the duty of DEFENDANT OFFICERS, including

OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN

and JANE DOES 1-100, individually and as officers, agents and/or employees of the CITY OF

SHREVEPORT Police Department, to refrain from using unreasonable excessive force against

others, including LEGEE ADAMS.

86.  DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN,

and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, breached that duty by

battering Plaintiff LEGEE ADAMS, as outlined more fully above, despite their knowledge that

Plaintiff for whom they were searching.

87.  DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN,

and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, breached that duty by

battering Plaintiff LEGEE ADAMS, as outlined more fully above, even after Plaintiff was firmly

restrained and held down by DEFENDANT OFFICERS.

88.  DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN,

and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, breached that duty by

battering Plaintiff LEGEE ADAMS, as outlined more fully above, even after Plaintiff was

handcuffed.

89.  Prior to the aforementioned misconduct against Plaintiff LEGEE ADAMS, the CITY

OF SHREVEPORT had a duty to use reasonable care to properly screen, train, hire, supervise

and control its agents, employees, and police officers, including DEFENDANT OFFICER

NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE

DOES 1-100.

90.  Notwithstanding said duty, the CITY of SHREVEPORT breached its duty by

committing one or more of the following acts or omissions:

   a.    Failed to properly train its police officers in the use of reasonable force;

   b.    Provided inadequate training regarding how to detain suspects and the
         proper amount of force appropriate;

   c.    Provided inadequate training regarding how to intervene to stop other
         officers from using excessive force in detaining suspects;

   d.    Employed and retained as police officers individuals, such as Defendant
         Officers, who the Defendant City of SHREVEPORT knew or reasonably should
         have known had dangerous propensities for abusing authority and for using
         excessive force on suspects and other citizens;

   e.    Inadequately supervised, trained, controlled, assigned, and/or disciplined
         City of SHREVEPORT police officers and other personnel, including Defendant
         Officers, who Defendant City of SHREVEPORT knew or in the exercise of
         reasonable care should have known had the aforementioned propensities and
         character traits;

   f.    Failed to supervise its police officers in their use of force against citizens;

   g.    Failed to properly pre-screen candidates for employment with the City of
         SHREVEPORT Police Department;

   h.    Failed to discover that Defendant Officers were unfit to remain in a law
         enforcement position within the City of SHREVEPORT Police Department;
         and/or

       i.      Retained Defendant Officers in a law enforcement position within the City of SHREVEPORT Police Department despite the knowledge that said officers were unfit for such a position.

91.     As a direct and proximate foreseeable result of the Defendant Officers' use of excessive force, as set forth above, Plaintiff LEGEE ADAMS suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of a normal life.

WHEREFORE, Plaintiff, LEGEE ADAMS, respectfully requests that this Court enter judgment against DEFENDANTS awarding compensatory damages, attorneys' fees, economic losses, special damages, punitive damages, including costs and fees as appropriate, and for any further relief this Court deems just, individually, jointly, and severally.

### COUNT VIII – LOUISIANA STATE LAW CLAIM—Assault
*LeGee Adams v. Defendant Officers and the City of Shreveport*

92.   Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-seven (1-27) as though fully pled and stated herein.

93.   On or about November 6, 2014, DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, and Defendant CITY OF SHREVEPORT by and through their agents, servants, and employees, perpetrated an assault upon the person, mind, and body of Plaintiff.

94.   In the time period immediately before perpetrating a physical battery upon PLAINTIFF LEGEE ADAMS by and through their words, actions, hand and body movements intentionally, deliberately, maliciously, and willfully acted aggressively putting him in apprehension of a future battery.

95.  These actions created a well-founded fear in PLAINTIFF LEGEE ADAMS that violence, as well as impermissible and harmful contact, was imminent and that these individuals were coupled with an apparent ability to commit violence against him.

96.  At no time did PLAINTIFF LEGEE ADAMS give any person at or near the moment of these events any consent, permission, or authority to assault him verbally, or through actions or conduct.

97.  As a direct and proximate foreseeable result of the Defendant Officers' use of excessive force, as set forth above, Plaintiff LEGEE ADAMS suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of a normal life.

WHEREFORE, Plaintiff, LEGEE ADAMS, respectfully requests that this Court enter judgment against DEFENDANTS awarding compensatory damages, attorneys' fees, economic losses, special damages, punitive damages, including costs and fees as appropriate, and for any further relief this Court deems just, individually, jointly, and severally.

### COUNT IX – LOUISIANA STATE LAW CLAIM—Battery
*LeGee Adams v. Defendant Officers and the City of Shreveport*

98.  Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-seven (1-27) as though fully pled and stated herein.

99.  On or about November 6, 2014, DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, and/or Defendant CITY OF SHREVEPORT, individually and together, and jointly and severally, and by and through their agents, servants, and employees, intentionally,

deliberately, maliciously, and willfully battered and perpetrated a battery upon the person and body of PLAINTIFF LEGEE ADAMS.

100.     At no time did PLAINTIFF LEGEE ADAMS give DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, and/or Defendant CITY OF SHREVEPORT, or anyone, permission, consent, or authority to touch him in any manner whatsoever, let alone to batter him or attack him.

101.     As a direct and proximate foreseeable result of the Defendant Officers' use of excessive force, as set forth above, Plaintiff LEGEE ADAMS suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of a normal life.

WHEREFORE, Plaintiff, LEGEE ADAMS, respectfully requests that this Court enter judgment against DEFENDANTS awarding compensatory damages, attorneys' fees, economic losses, special damages, punitive damages, including costs and fees pursuant to as appropriate, and for any further relief this Court deems just, individually, jointly, and severally.

## COUNT X – LOUISIANA STATE LAW CLAIM— False Imprisonment
### *LeGee Adams v. Defendant Officers and the City of Shreveport*

102.     Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-seven (1-27) as though fully pled and stated herein.

103.     DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, individually and together, and jointly and severally, and by and through their agents, servants,

and employees, unlawfully restrained/imprisoned PLAINTIFF LEGEE ADAMS as to his personal liberty, and freedom of locomotion.

104.    DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, and/or Defendant CITY OF SHREVEPORT, through their agents, servants, and employees physically, aggressively, and unlawfully surrounded the PLAINTIFF LEGEE ADAMS, and violently took hold of him, rendering him immobile at their hands.

105.    DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, and/or Defendant CITY OF SHREVEPORT, through their agents, servants, employees, maliciously, willfully, deliberately, wantonly, intentionally, violently, negligently, carelessly, and/or recklessly restrained PLAINTIFF LEGEE ADAMS, and restricted his movements, by violence, brute force, weapons and the use of mechanical restraints including handcuffs.

106.    The overpowering violence and physical force caused PLAINTIFF LEGEE ADAMS to succumb to their control, and he was helpless under their brutality.

107.    PLAINTIFF LEGEE ADAMS was falsely imprisoned, without any justification, and against his will.

108.    DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, and/or Defendant CITY OF SHREVEPORT, by and through their agents, servants, employees acted without having any reasonable grounds to believe that PLAINTIFF LEGEE ADAMS had committed a criminal offense, or that it was otherwise legally and morally necessary to restrain him, or imprison him.

109.     At no time did PLAINTIFF LEGEE ADAMS give permission, consent, or authority to be restrained or imprisoned or confined by anyone and lacked sufficient and probable cause.

110.     PLAINTIFF LEGEE ADAMS's imprisonment(s) and confinement(s) were by physical force and physical barrier, and his confinement was complete.

111.     As a direct and proximate foreseeable result of the Defendant Officers' use of excessive force, as set forth above, Plaintiff LEGEE ADAMS suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of a normal life.

WHEREFORE, Plaintiff, LEGEE ADAMS, respectfully requests that this Court enter judgment against DEFENDANTS awarding compensatory damages, attorneys' fees, economic losses, special damages, punitive damages, including costs and fees as appropriate, and for any further relief this Court deems just, individually, jointly, and severally.

### COUNT XI – LOUISIANA STATE LAW CLAIM—False Arrest
*LeGee Adams v. Defendant Officers and the City of Shreveport*

112.     Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-seven (1-27) as though fully pled and stated herein.

113.     At all relevant times, PLAINTIFF LEGEE ADAMS was arrested and/or detained against his will without proper legal authority, legal justification, or probable cause.

114.     The actions and omissions of DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, and/or Defendant CITY OF SHREVEPORT maliciously, willfully, deliberately,

wantonly, intentionally, violently, negligently, carelessly, and/or recklessly resulted in the false arrest of the PLAINTIFF LEGEE ADAMS.

115.     As a direct and proximate foreseeable result of the Defendant Officers' use of excessive force, as set forth above, Plaintiff LEGEE ADAMS suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of a normal life.

WHEREFORE, Plaintiff, LEGEE ADAMS, respectfully requests that this Court enter judgment against DEFENDANTS awarding compensatory damages, attorneys' fees, economic losses, special damages, punitive damages, including costs and fees as appropriate, and for any further relief this Court deems just, individually, jointly, and severally.

### COUNT XII – LOUISIANA STATE LAW CLAIM—Malicious Prosecution
*LeGee Adams v. Defendant Officers and the City of Shreveport*

116.     Plaintiff repeats and incorporates the allegations of paragraphs one through twenty-seven (1-27) as though fully pled and stated herein.

117.     DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, and/or Defendant CITY OF SHREVEPORT, as well as their agents, servants, and employees to which they are vicariously liable, caused PLAINTIFF LEGEE ADAMS to be charged with crimes he did not commit and not suited for the offense(s) charged with the intent to cause harm to Plaintiff and coerce him into a plea of guilty so as to cover up the illegal acts of the Defendants hereinabove set forth.

118.     The criminal charges against PLAINTIFF LEGEE ADAMS were terminated in his favor, not in an adverse manner, and/or in a manner indicative of innocence.

119.     DEFENDANT OFFICERS, OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, and/or Defendant CITY OF SHREVEPORT initiated criminal charges against PLAINTIFF LEGEE ADAMS without probable cause.

120.     DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, and/or Defendant CITY OF SHREVEPORT knew no probable cause existed to support the charges brought against PLAINTIFF LEGEE ADAMS but they intentionally and maliciously pursued false charges against PLAINTIFF LEGEE ADAMS.

121.     DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, and/or Defendant CITY OF SHREVEPORT caused PLAINTIFF LEGEE ADAMS to be prosecuted for a purpose other than seeking justice.

122.     DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, and/or Defendant CITY OF SHREVEPORT, as well as their agents, servants, and employees of which they are vicariously liable, made false assertions their police reports, to the media, and through other oral and written devices to support their intentional malicious prosecution of PLAINTIFF LEGEE ADAMS.

123.     As a direct result of DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, and/or Defendant CITY OF SHREVEPORT, as well as their agents, servants, and employees of whom they are vicariously liable, intentional and malicious conduct, PLAINTIFF

LEGEE ADAMS was seized and held on false criminal charges and suffered associated deprivations of liberty.

124.    DEFENDANT OFFICERS, including OFFICER NEVILLE, OFFICER COLEMAN, and UNKNOWN POLICE OFFICERS JOHN and JANE DOES 1-100, and/or Defendant CITY OF SHREVEPORT collectively knowingly, deliberately, willfully, maliciously, negligently, carelessly, and/or recklessly conspired to charge the Plaintiff with criminal charges that the Plaintiff did not commit and for which a colorable claim could not be supported.

125.    As a direct and proximate foreseeable result of the Defendant Officers' use of excessive force, as set forth above, Plaintiff LEGEE ADAMS suffered injuries, including physical injuries, physical pain and suffering, mental pain and suffering, emotional distress, disability, and the loss of a normal life.

WHEREFORE, Plaintiff, LEGEE ADAMS, respectfully requests that this Court enter judgment against DEFENDANTS, awarding compensatory damages, special damages, economic damages, punitive damages, attorney's fees, and any further relief this Court deems just, individually, jointly, and severally.

Respectfully submitted this __5th___ of __November__, 2015.

ELTON B. RICHEY & ASSOCIATES, LLC.

**s/ELTON B. RICHEY**
ELTON B. RICHEY
LOUISIANA BAR NUMBER 21836
SUITE 1805, 400 TRAVIS STREET
SHREVEPORT, LOUISIANA 71101
TELEPHONE: 318-227-1460
FACSIMILE:  318-424-8222

**s/Sarah R. Giglio**
Sarah R. Giglio
Louisiana Bar Number 36272
Suite 1805, 400 Travis Street
Shreveport, Louisiana 71101
Telephone: 318-227-1460
Facsimile:  318-424-8222