UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LEGEE ADAMS                                    CIVIL ACTION NO. 15-2637

VERSUS                                         JUDGE S. MAURICE HICKS, JR.

CITY OF SHREVEPORT, ET AL.                     MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court are multiple Motions in Limine (Record Documents 44-49) filed by Plaintiff Legee Adams ("Adams") seeking to exclude (1) certain comments from Defendants City of Shreveport, Officer Coleman ("Coleman"), and Officer Neville ("Neville") (collectively "Defendants") and/or Defendants' counsel; (2) Adams' prior convictions; and (3) Adams' use or possession of marijuana on the date in question. Adams also seeks permission to (1) demonstrate his injuries to the jury; (2) present proposed jury instruction on reasonable force; and (3) allow the trial testimony of Aaron King ("King"). Defendants have filed their own Motions in Limine (Record Documents 50-51) to exclude prior acts and/or disciplinary history of Coleman and Neville and to exclude the trial testimony of King. For the reasons contained in the instant Memorandum Ruling, Adams' Motions in Limine are declared **MOOT**, **DEFERRED** to trial, **GRANTED IN PART** and **DENIED IN PART**. Additionally, Defendants' Motions in Limine are **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises from Adams' arrest on the night of November 6, 2014, in Shreveport, Louisiana. On that night, Officers Coleman and Neville, members of a combined Caddo Parish Sheriff's Department and Shreveport Police Department ("SPD") street-level narcotics team, were patrolling streets near the Louisiana State Fairgrounds

1

in Shreveport. See Record Document 21-6 at 13. While on patrol travelling westbound on Boone Street at about 8:30 PM, Officers Coleman and Neville observed two males walking in the street. See id. at 11. According to Officer Coleman, one of the men (who was later identified as Adams) was also "sagging," meaning that he was wearing his pants below his waist, in violation of Shreveport City Ordinance § 50-167 (wearing of pants below the waist in public). See Record Document 21-5 at 11. The two men were Adams and his cousin, King. See Record Document 21-8 at 7.

The officers decided to perform an investigative or Terry stop of the two men. See Record Document 21-5 at 13. The officers emerged from their car to initiate the stop. According to Officer Coleman, Adams ran from him as soon as he began to exit the car; Officer Coleman then immediately began yelling "stop" and "police" at Adams as he chased him. See Record Document 21-5 at 13. Officer Coleman eventually caught up to Adams in a vacant lot nearby. According to Adams, after running for an uncertain distance, he stopped. See Record Document 21-8 at 9. Then, he contends that Officer Coleman tackled him, punched him multiple times in the face, kicked him in the arm and ribs, hit him in the collarbone with a pair of handcuffs, and roughly pulled his arms behind his back and put them in handcuffs. See id. at 9-10. Officer Coleman contends that as he was chasing Adams, Adams began to stumble, and he grabbed Adams' shoulder as Adams was falling to the ground. See Record Document 21-5 at 14. According to Officer Coleman, once he and Adams were on the ground, with Adams face down and Officer Coleman's chest on top of him, Officer Coleman simply pulled Adams' arms out from beneath him and handcuffed them behind his back. See id. The next day, doctors

diagnosed Adams with a broken collarbone, hand sprain and strain, and fractured hand. See Record Document 21-4 at 18.

Adams was later charged with possession of marijuana and resisting an officer. See Record Document 21-9 at 2 (certified record of court proceedings from First Judicial District Court, Caddo Parish, Louisiana). On December 16, 2014, Adams pleaded guilty to possession of marijuana, and the resisting an officer charge was dismissed. See id.[1]

On November 5, 2015, Adams filed the instant 42 U.S.C. § 1983 action. In his complaint, Adams asserted both federal constitutional claims and claims under state law. See Record Document 1. On August 28, 2017, this Court denied Defendants' Motion for Partial Summary Judgment regarding Adams' § 1983 claim for excessive force against Officer Coleman and his state law claims for excessive force, assault, and battery against Officer Coleman. See Record Document 65. This Court then dismissed all of Adams' other § 1983 claims as well as Adams' state law claims for false arrest, false imprisonment, and malicious prosecution against all Defendants, and dismissed his negligent hiring, training, and/or supervision claim against the City of Shreveport. See id.

On July 13, 2017, Adams and Defendants each filed multiple Motions in Limine. See Record Documents 44-51. Adams desires to exclude (1) certain comments from Defendants and/or Defendants' counsel; (2) his prior convictions; and (3) his use or possession of marijuana on the date in question. He also seeks permission to (1) demonstrate his injuries to the jury; (2) present proposed jury instruction on reasonable force; and (3) allow the trial testimony of King. Defendants ask to exclude the prior acts

---

[1] A more detailed factual account of this event may be found in the Memorandum Ruling on Defendants' Motion for Partial Summary Judgment. See Record Document 64; see Adams v. City of Shreveport, 2017 U.S. Dist. LEXIS 139029 (W.D. La. 2017).

3

and/or disciplinary history of Coleman and Neville and the trial testimony of King. Both Adams and Defendants responded to the respective Motions on July 20, 2017. See Record Documents 54, 55, 57. Thus, the Motions are now fully briefed.

**LAW AND ANALYSIS**

**I.     Adams' Omnibus Motions in Limine Nos. 1-9 (Record Document 44)**

Adams requests this Court to exclude the following:

1) Any comments, testimony, evidence, or argument disparaging "trial lawyers," or "plaintiffs' lawyers," suggesting lawsuits such as this one are an ill of our society.

2) Any comments, testimony, evidence, or argument regarding "over-crowded" courtrooms, or any effort by Defendants to identify this case as the type that causes backlogs or delays in the court system.

3) Any comments, testimony, evidence, or argument regarding the personal opinions of counsel on the merits of the case, the credibility of witnesses or counsel, or personal knowledge regarding any issue.

4) Any comments, testimony, evidence, or argument regarding any possible award to Plaintiff being used to "compensate" Plaintiff's counsel.

5) Any comments, testimony, evidence, or argument indicating Plaintiff's counsel as being from "out-of-state" or "out-of-town."

6) Any comments, testimony, evidence, or argument portraying the jurors as "taxpayers" or as "footing the bill" of a potential verdict against Defendants.

7) Any comments, testimony, evidence, or argument by Defendant Officers as to their subjective feelings during the incident at issue.

8) Any comments, testimony, evidence, or argument regarding Defendants' work-related commendation, awards, and performance reviews, including: (i) evidence of non-pertinent character traits, such as the defendants' generally good character, e.g., their service as "good or honorable police officers"; (ii) evidence of the defendants' specific instances of good conduct, e.g., commendations or any good deeds the

>defendants performed as police officers; and (iii) evidence that the defendants may have previously acted in conformity with the law on specific occasions, all of which would be improper evidence under the federal rules of evidence.

Record Document 44 at 2-6. In addition, Adams also requests the Court to allow leading questions for adverse witnesses (Motion in Limine No. 9). See id. at 6.

Defendants contend Adams' Omnibus Motions in Limine 1-8 are unnecessary and offensive. See Record Document 57 at 1. The Court agrees that a motion in limine regarding these kinds of comments, testimony, evidence, or argument was unnecessary, as defense counsel is an experienced practitioner in this court and knows such comments are improper. Accordingly, Adams' Omnibus Motions in Limine 1-6 are **MOOT**. Motion in Limine No. 7 is vague and unintelligible. To the extent a ruling is required, Adams' Motion in Limine No. 7 is **DENIED**. Motion in Limine No. 8 is too broad as worded. Any such objection may be timely made at trial for the Court to consider. To the extent a ruling is required at this time, Adams' Motion in Limine No. 8 is **DEFERRED** to trial. Regarding Motion in Limine No. 9, Federal Rule of Evidence 611(c)(2) allows leading questions "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Accordingly, Adams' Motion in Limine No. 9 is **MOOT**.

## II. Adams' Motion in Limine No. 10 (Record Document 45)

Adams testified that, in addition to the arrest on November 6, 2014, he had been found guilty of possession of marijuana in 2012, April 2014, and December 2014. See Record Document 45-1 at 1-2. Adams argues his prior arrests and convictions are inadmissible under Federal Rule of Evidence 609(a) and barred by Federal Rule of Evidence 404(b). See Record Document 45 at 2, 4. Defendants contend counsel does

not intend to introduce or question Adams concerning any prior convictions outside the scope of Fed. R. Evid. 609(a) and 404(b). See Record Document 57 at 2. Defendants further state Adams' Motion is premature because any determination of prejudice to Adams can only be determined at trial after the Court has had the opportunity to hear testimony of the witnesses and view the evidence. See id.

Federal Rule of Evidence 609(a) allows a witness's credibility to be impeached by evidence of prior convictions punishable by death or imprisonment in excess of one year, provided the court determines that the probative value of the evidence outweighs its prejudicial effect. See United States v. Turner, 960 F.2d 461, 465 (5th Cir. 1992). Evidence of any conviction must be admitted for impeachment purposes only where the court can readily determine that the elements of the crime involve a "dishonest act or false statement." See Fed. R. Evid. 609(a)(2). Federal Rule of Evidence 404(b) states, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

Adams' convictions for the possession of marijuana were misdemeanors, not punishable by imprisonment of more than one year by Louisiana law. Thus, they are excluded under Rule 609(a). Neither can Adams' convictions be admissible to impeach his credibility, as they do not involve "dishonest acts." See Fed. R. Evid. 609(a)(2). Furthermore, Defendants have not made an adequate showing of admissibility under Rule 404(b). Accordingly, Adams' Motion in Limine No. 10 is **GRANTED**, subject to Defendants laying an adequate foundation or grounds for admissibility under Rule 404(b) at trial, or if Adams "opens the door."

### III. Adams' Motion in Limine No. 11 (Record Document 46)

Adams seeks to exclude his use or possession of marijuana on the date in question. See Record Document 46. He argues whether he smoked preceding the use of force, or whether he was found to be carrying marijuana following the use of force does not pertain to the issue at hand – whether excessive force was used. See Record Document 46 at 3. Defendants argue Adams' possession of marijuana is relevant because there is a reasonable inference that Adams ran because he knew he was in possession of marijuana. See Record Document 57 at 2. Defendants assert they must be afforded the opportunity to challenge Adams' credibility and introduce evidence to allow the jury to make this reasonable inference based on the totality of circumstances. See id.

Adams has given testimony that, prior to the arrest and application of force, he attended a party where he smoked marijuana. See Record Document 46-1 at 14. Officer Coleman recorded in his arrest report that Adams had been in possession of two marijuana cigarettes at the time of his arrest. See Record Document 46-2 at 5. Adams later pleaded guilty to possession of marijuana and was sentenced to serve over one hundred days in prison. See Record Document 21-9 at 2.

Adams' charge for marijuana is thus admissible under Federal Rule of Evidence 609(a) subject to the balancing test of Federal Rule of Evidence 403, which states "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Court finds the danger of unfair prejudice does not substantially outweigh the probative value.

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. See Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 1872 (U.S. 1989). Its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. See id. The question is "whether the totality of the circumstances justifie[s] a particular sort of ... seizure." Tennessee v. Garner, 471 U.S. 1, 8–9, 105 S.Ct. 1694, 699–1700 (U.S. 1985).

Considering the totality of circumstances, Adams' possession, and later conviction, is relevant to the instant matter. As Defendants state, it is reasonable to believe the reason Adams ran from the Defendant Officers was because he knew he was in possession of marijuana. Accordingly, the admission of Adams' use and possession of marijuana on the day at issue is admissible as it pertains to the credibility of Adams' testimony, and thus Adams' Motion is **DENIED**.

**IV.      Plaintiff's Motion in Limine No. 12 (Record Document 47)**

Adams requests that he be able to show the members of the jury his injured clavicle. Adams suggests his appearance will aid the jury in a way that cannot be accomplished through testimony alone, particularly in light of his developmental disability. See Record Document 47 at 3. Defendants argue Adams' injuries can be clearly shown to the jury through x-rays and photographs. Defendants also contend that a physical demonstration could be confusing to the jury and unfairly prejudicial to Defendants. See Record Document 57 at 3.

8

A trial court has the discretion to permit the parties to show the jury visual aids that summarize testimony already admitted into evidence. See Pierce v. Ramsey Winch Co., 753 F.2d 416, 431 (5th Cir. 1985). The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. See Fed. R. Evid. 403.

The Court agrees with Defendants. Adams' can clearly show the jury his injuries through x-rays and photographs. The probative value of physically showing his injuries is substantially outweighed by the danger of unfair prejudice, waste of time and confusing the jury. Therefore, Adams' Motion is **DENIED**.

**V.     Plaintiff's Motion in Limine No. 13 (Record Document 48)**

Adams seeks the admission of a proposed jury instruction on reasonable force (Record Document 48). Adams asserts the jury should receive instructions because he is unable to clearly present evidence at trial for his Monell claims due to the absence of an expert witness. See Record Document 48 at 3. However, all of Adams' Monell claims were dismissed by this Court in its ruling on Defendants' Motion for Partial Summary Judgment. See Record Document 65. Therefore, the proposed jury instructions are irrelevant as they address a claim no longer at issue in the suit. It is anticipated that the Fifth Circuit Pattern Jury Instruction 10.1 will be used on the excessive force issue. Accordingly, Adams' Motion is **DENIED**.

## VI.     Trial Testimony of King

Adams filed Motion in Limine No. 14 (Record Document 49) seeking permission to have King testify at trial. Defendants have filed their own Motion in Limine (Record Document 51) to exclude the trial testimony of King. Adams filed a response to Defendants' Motion on July 20, 2017. See Record Document 54. Adams argues because (1) King was identified as a potential trial witness in discovery, (2) his testimony is potentially pivotal in the matter at issue, and (3) Defendants would not be prejudiced if King does testify, therefore the Court should allow King's testimony. See Record Document 54 at 2. Defendants assert they have not been afforded the opportunity to engage in any discovery concerning King's testimony; and, as such, they will be unfairly prejudiced if King is permitted to testify. See Record Document 51 at 2.

The Federal Rules of Civil Procedure provide that parties must disclose the witnesses that may be used at trial. Hunter v. Balboa Ins. Grp., 2009 WL 116987, at *2 (E.D. La. 2009). Parties must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information." Fed. R. Civ. P. 26(a). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed.R.Civ.P. 37(C)(1). In a situation where a party seeks to exclude the testimony of an individual who has not been identified, courts consider the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a

continuance to cure the prejudice." Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 883 (5th Cir.2004).

Adams identified King on April 18, 2016, in response to written discovery. See Record Document 54-1 at 9. Adams further indicated with regard to King: "Address Unknown at this time" and "Phone Number Unknown." Id. After attempts by both Adams and Defendants to locate King and after the close of discovery, Adams' counsel submitted two phone numbers they believed to be King's. However, neither Adams nor Defendants have been able to contact him.

Although King has been properly identified, the Court finds the unfair prejudice of King's testimony towards Defendants substantially outweighs any probative value. Adams argues the importance of King's testimony outweighs the potential prejudice, "King's testimony is potentially pivotal in the instant matter … Other than [Adams] and the Defendant officers, King may be the only individual who actually saw what occurred." Record Document 54 at 2. However, the Court does not find this argument persuasive. Officer Neville stated in his deposition that when Adams ran, he detained King until Officer Coleman returned with Adams. See Record Document 21-6 at 16. In response to questions regarding Neville's ability to hear and see anything regarding Coleman's chase and arrest of Adams, Neville stated that once Adams and Coleman turned north off of Boone Street, he could not see them or hear them. See id. at 16-17. This lack of vision or hearing was reiterated by Lieutenant Peters who confirmed "you couldn't see real well" in the vacant lot, and that he heard no sounds from Coleman or Adams. See Record Document 21-7 at 18. Since King was with Neville during the entirety of Coleman's chase

and arrest of Adams, it is highly likely that King, as Neville, neither saw nor heard them. The probative value of King's testimony is not as substantial as Adams argues.

Additionally, the lack of opportunity given to Defendants to conduct discovery concerning King's observations would be unfairly prejudicial. Adams maintains that since neither Adams nor Defendants have been in contact with King, neither party may be more prejudiced than the other. See Record Document 54 at 3. However, the lack of opportunity given to Defendants to gather information that either corroborates or contradicts King's testimony, or gather information that could be used for impeachment purposes is indeed unduly prejudicial. For the reasons discussed, Adam's Motion in Limine to allow King's testimony is **DENIED** and Defendants' Motion in Limine is **GRANTED**.

### VII. Defendants' Motion in Limine to Exclude Prior Acts of Defendant Officers

Defendants seek to exclude Adams from introducing and/or cross-examining Defendant Officers concerning their prior disciplinary history and/or prior allegations of excessive force. See Record Document 50. Defendants believe any evidence of "prior acts" is irrelevant to any issue other than the Defendant Officers' character and propensity, and therefore must be excluded pursuant to Federal Rule of Evidence 404(b). See id. at 2. In addition, Defendants contend even if Adams could establish an admissible purpose for any "prior act," the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and must be excluded pursuant to Federal Rule of Evidence 403. See id.

Adams opposed Defendants' Motion in Limine, stating the record "contains and/or may contain" evidence of prior disciplinary history and excessive use of force, arguing

such an exclusion would prove highly prejudicial to Adams' Monell claims. [2] See Record Document 55 at 1. Adams states it does not intend to introduce evidence of unrelated police misconduct to support his individual claims against Defendant Officers. See id. Since all of Adams' Monell claims have been dismissed, any "prior act" evidence to prove such a claim is irrelevant other than the Defendant Officers' character and propensity, and therefore must be excluded pursuant to Rule 404(b). Consequently, the Defendants' Motion in Limine is **GRANTED**.

## CONCLUSION

The final disposition of Adams' Motions in Limine (Record Documents 44-49) in the instant Memorandum Ruling are as follows:

1) Adams' Motions in Limine Nos. 1-6 and No. 9 (Record Document 44) are **MOOT**.

2) Adams' Motion in Limine No. 7 (Record Document 44) is **DENIED**.

3) Adams' Motion in Limine No. 8 (Record Document 44) is **DEFERRED** to trial.

4) Adams' Motion in Limine No. 10 (Record Document 45) is **GRANTED**, subject to Defendants laying an adequate foundation or grounds for admissibility under Rule 404(b) at trial, or if Plaintiff "opens the door."

5) Adams' Motions in Limine Nos. 11-14 (Record Documents 46-49) are **DENIED**.

Defendants' Motions in Limine excluding the prior acts and/or disciplinary history of Defendant Officers (Record Document 50) and excluding the trial testimony of King (Record Document 51) are hereby **GRANTED**.

---

[2] The Court again notes all of Adams' Monell claims have been dismissed. See Record Document 65.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this the 17th day of November, 2017.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT